IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
Civil Action No.: 2:17-cv-1976-RMD

FCCI INSURANCE COMPANY,   )
   )
       Plaintiff,   )
v.   )
   )
ISLAND POINTE, LLC, *et al.*,   )
   )
       Defendants.   )
_____)

**DEFENDANT PENN NATIONAL
SECURITY INSURANCE COMPANY'S
ANSWER TO AMENDED COMPLAINT**

      **COMES NOW** Defendant Penn National Security Insurance Company ("Defendant Penn National Security"), by and through counsel, and responds to the Amended Complaint as follows:

<u>**PARTIES**</u>

      1.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint, and therefore, those allegations are denied.

      2.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint, and therefore, those allegations are denied.

      3.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint, and therefore, those allegations are denied.

4.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint, and therefore, those allegations are denied.

5.     As to the allegations contained in paragraph 5 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action (*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.; Charleston County Court of Common Pleas Docket No. 2015-CP-10-955) speak for themselves. Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Amended Complaint, and therefore, those allegations are denied.

6.     As to the allegations contained in paragraph 6 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action (*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.; Charleston County Court of Common Pleas Docket No. 2015-CP-10-955) speak for themselves. Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Amended Complaint, and therefore, those allegations are denied.

7.     As to the allegations contained in paragraph 7 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action (*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.;

Charleston County Court of Common Pleas Docket No. 2015-CP-10-955) speak for themselves. Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Amended Complaint, and therefore, those allegations are denied.

8.      As to the allegations contained in paragraph 8 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action (*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.; Charleston County Court of Common Pleas Docket No. 2015-CP-10-955) speak for themselves. Except as expressly admitted herein, Defendant Penn National Security lacks or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Amended Complaint, and therefore, those allegations are denied.

9.      Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint, and therefore, those allegations are denied.

10.      Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint, and therefore, those allegations are denied.

11.      Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, and therefore, those allegations are denied.

12.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint, and therefore, those allegations are denied.

13.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint, and therefore, those allegations are denied.

14.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint, and therefore, those allegations are denied.

15.     Paragraph 15 of the Amended Complaint does not contain any allegations to law or facts, and therefore, Defendant Penn National Security does not respond to this paragraph.

16.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint, and therefore, those allegations are denied.

17.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint, and therefore, those allegations are denied.

18.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Amended Complaint, and therefore, those allegations are denied.

19.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint, and therefore, those allegations are denied.

20.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint, and therefore, those allegations are denied.

21.     Admitted, upon information and belief.

22.     As to the allegations contained in paragraph 22 of the Amended Complaint, it is admitted, upon information and belief, that Creekside of Charleston, Inc. was a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.  Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Amended Complaint, and therefore, those allegations are denied.

23.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint, and therefore, those allegations are denied.

24.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint, and therefore, those allegations are denied.

25.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Amended Complaint, and therefore, those allegations are denied.

26.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Amended Complaint, and therefore, those allegations are denied.

27.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint, and therefore, those allegations are denied.

28.     Paragraph 28 of the Amended Complaint does not contain any allegations to law or facts, and therefore, Defendant Penn National Security does not respond to this paragraph.

29.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint, and therefore, those allegations are denied.

30.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint, and therefore, those allegations are denied.

31.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint, and therefore, those allegations are denied.

32.     Admitted.

33.     Admitted.

34.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint, and therefore, those allegations are denied.

35.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint, and therefore, those allegations are denied.

36.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint, and therefore, those allegations are denied.

37.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint, and therefore, those allegations are denied.

38.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint, and therefore, those allegations are denied.

39.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint, and therefore, those allegations are denied.

40.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint, and therefore, those allegations are denied.

41.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint, and therefore, those allegations are denied.

42.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint, and therefore, those allegations are denied.

43.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint, and therefore, those allegations are denied.

44.     Paragraph 44 of the Amended Complaint does not contain any allegations to law or facts, and therefore, Defendant Penn National Security does not respond to this paragraph.

## JURISDICTION AND VENUE

45.     As to the allegations contained in paragraph 45 of the Amended Complaint, it is admitted that this action purports to seek declaratory relief and was filed by the Plaintiff pursuant to 28 U.S.C. § 2201 *et seq.*  Except as expressly admitted herein, the remaining allegations contained in paragraph 45 of the Amended Complaint are denied.

46.     The allegations contained in paragraph 46 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint, and therefore, those allegations are denied.

47.     The allegations contained in paragraph 47 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint, and therefore, those allegations are denied.

48.     The allegations contained in paragraph 48 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint, and therefore, those allegations are denied.

49.     The allegations contained in paragraph 49 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint, and therefore, those allegations are denied.

50.     The allegations contained in paragraph 50 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint, and therefore, those allegations are denied.

## CHOICE OF LAW AND ISSUANCE OF THE RELEVANT POLICIES AND SUBCONTRACTS

51.     The allegations contained in paragraph 51 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint, and therefore, those allegations are denied.

52.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint, and therefore, those allegations are denied.

53.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended

Complaint, and therefore, those allegations are denied.

54.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint, and therefore, those allegations are denied.

55.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint, and therefore, those allegations are denied.

56.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint, and therefore, those allegations are denied.

57.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint, and therefore, those allegations are denied.

58.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint, and therefore, those allegations are denied.

59.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint, and therefore, those allegations are denied.

60.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint, and therefore, those allegations are denied.

61.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint, and therefore, those allegations are denied.

62.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint, and therefore, those allegations are denied.

63.    Defendant Penn National Security lacks lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint, and therefore, those allegations are denied.

64.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint, and therefore, those allegations are denied.

65.    Paragraph 65 of the Amended Complaint does not contain any allegations to law or facts, and therefore, Defendant Penn National Security does not respond to this paragraph.

66.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint, and therefore, those allegations are denied.

67.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint, and therefore, those allegations are denied.

68.    As to the allegations contained in paragraph 68 of the Amended Complaint, it is admitted that the document attached as Exhibit "G" to the Amended Complaint and titled "Sub-Contract 0601-17" dated April 17, 2006, between "Creekside, Inc., 839 Robert Lee Blvd,

Charleston, SC 29412" and "Complete Building Corporation; 1525 Ashley River Rd, Charleston, SC 29407" speaks for itself. Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of the Amended Complaint, and therefore, those allegations are denied.

69.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint, and therefore, those allegations are denied.

70.    As to the allegations contained in paragraph 70 of the Amended Complaint, it is admitted that the document attached as Exhibit "I" to the Amended Complaint and titled "Sub-Contract 0601-14" dated April 17, 2006, between "Cohen's Drywall Company, Inc., 1415 Old Hwy 52, Moncks Corner, SC 29451" and "Complete Building Corporation; 1525 Ashley River Rd, Charleston, SC 29407" speaks for itself. Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Amended Complaint, and therefore, those allegations are denied.

71.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint, and therefore, those allegations are denied.

72.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint, and therefore, those allegations are denied.

73.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint, and therefore, those allegations are denied.

74.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint, and therefore, those allegations are denied.

75.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint, and therefore, those allegations are denied.

76.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint, and therefore, those allegations are denied.

77.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint, and therefore, those allegations are denied.

78.     Paragraph 78 of the Amended Complaint does not contain any allegations to law or facts, and therefore, Defendant Penn National Security does not respond to this paragraph.

79.     Denied.

80.     Denied.  It is specifically denied that Defendant Penn National Security entered into a subcontract with Complete.

81.     Denied.  It is specifically denied that Defendant Penn National Security entered into a subcontract with Complete.

82.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint, and therefore, those allegations are denied.

83.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint, and therefore, those allegations are denied.

84.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint, and therefore, those allegations are denied.

85.     As to the allegations contained in paragraph 85 of the Amended Complaint, it is admitted that Defendant Pennsylvania National Mutual Casualty Insurance Company issued commercial general liability policies, policy no. AC9 0628361, to Creekside of Charleston Inc., effective from November 28, 2005 to November 28, 2007.  Except as expressly admitted herein, the remaining allegations contained in paragraph 85 of the Amended Complaint are denied. It is specifically denied that Defendant Penn National Security issued any liability policy to Creekside.

86.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint, and therefore, those allegations are denied.

87.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint, and therefore, those allegations are denied.

88.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint, and therefore, those allegations are denied.

89.    As to the allegations contained in paragraph 89 of the Amended Complaint, it is admitted that Defendant Pennsylvania National Mutual Casualty Insurance Company issued commercial general liability policy, policy no. CL90651092, to Cohen's Drywall Co. Inc. with effective dates from October 20, 2008 to October 20, 2009.  Except as expressly admitted, the remaining allegations contained in paragraph 89 of the Amended Complaint are denied. It is specifically denied that Defendant Penn National Security issued any liability policy to Cohen's.

90.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint, and therefore, those allegations are denied.

91.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint, and therefore, those allegations are denied.

92.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint, and therefore, those allegations are denied.

93.    As to the allegations contained in paragraph 93 of the Amended Complaint, it is admitted that Defendant Pennsylvania National Mutual Casualty Insurance Company issued commercial general liability policies, policy no. AC9 0628361, to Creekside of Charleston Inc., effective from November 28, 2005 to November 28, 2007.  Except as expressly admitted herein,

the remaining allegations contained in paragraph 93 of the Amended Complaint, are denied. It is specifically denied that Defendant Penn National Security issued any liability policy to Creekside.

94.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint, and therefore, those allegations are denied.

95.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint, and therefore, those allegations are denied.

96.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint, and therefore, those allegations are denied.

97.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint, and therefore, those allegations are denied.

98.     Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint, and therefore, those allegations are denied.

99.     Denied.  It is specifically denied that Defendant Penn National Security entered into a subcontract with Complete.

100.    Denied.  It is specifically denied that Defendant Penn National Security entered into a subcontract with Complete.

101.    Denied.

102.    Admitted.

## FACTUAL BACKGROUND AND UNDERLYING ACTION

103.    As to the allegations contained in paragraph 103 of the Amended Complaint, it is admitted that the allegations in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 103 of the Amended Complaint are denied.

104.    As to the allegations contained in paragraph 104 of the Amended Complaint, it is admitted that the Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. and Kathy Milner, individually, and on behalf of all other similarly situated residents filed a Complaint in the Court of Common Pleas for the Ninth Judicial Circuit, Case No. 2015-CP-10-0955, against multiple defendants.  Except as expressly admitted herein, the remaining allegations contained in paragraph 104 of the Amended Complaint are denied.

105.    As to the allegations contained in paragraph 105 of the Amended Complaint, it is admitted that the document attached as Exhibit "P" to the Amended Complaint speaks for itself.  Except as expressly admitted herein, the remaining allegations contained in paragraph 105 of the Amended Complaint are denied.

106.    As to the allegations contained in paragraph 106 of the Amended Complaint, it is admitted that the Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all other similarly situated residents filed an Amended Complaint in the Court of Common Pleas for the Ninth Judicial Circuit, Case No. 2015-CP-10-0955, against multiple defendants. Except as expressly admitted herein, the remaining allegations contained in paragraph 106 of the Amended Complaint are denied.

107.    As to the allegations contained in paragraph 107 of the Amended Complaint, it is admitted that the document attached as Exhibit "Q" to the Amended Complaint speaks for itself.   Except as expressly admitted herein, the remaining allegations contained in paragraph 107 of the Amended Complaint are denied.

108.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Amended Complaint, and therefore, those allegations are denied.

109.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Amended Complaint, and therefore, those allegations are denied.

110.    As to the allegations contained in paragraph 110 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 110 of the Amended Complaint are denied.

111.    As to the allegations contained in paragraph 111 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 111 of the Amended Complaint are denied.

112.    As to the allegations contained in paragraph 112 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 112 of the Amended Complaint are denied.

113.    As to the allegations contained in paragraph 113 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 113 of the Amended Complaint are denied.

## COUNT I – DECLARATORY RELIEF – ADDITIONAL INSURED

114.    Defendant Penn National Security's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

115.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Amended Complaint, and therefore, those allegations are denied.

116.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Amended Complaint, and therefore, those allegations are denied.

117.    The allegations contained in paragraph 117 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Amended Complaint, and therefore, those allegations are denied.

118.    As against Defendant Penn National Security, the allegations contained in paragraph 118 of the Amended Complaint are denied.  Except as expressly denied herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 118 of the Amended Complaint, and therefore, those allegations are denied.

119.    The allegations contained in paragraph 119 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Amended Complaint, and therefore, those allegations are denied.

120.    The allegations contained in paragraph 120 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Amended Complaint, and therefore, those allegations are denied.

121.    As to the allegations contained in paragraph 121 of the Amended Complaint, it is admitted that the Subcontracts speak for themselves.  Except as expressly admitted herein, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Amended Complaint, and therefore, those allegations are denied.

122.    Denied.

123.    As to the allegations contained in paragraph 123 of the Amended Complaint, it is admitted that the FCCI general liability policies speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 123 of the Amended Complaint are denied.

124.    As to the allegations contained in paragraph 124 of the Amended Complaint, it is admitted that the FCCI general liability policies speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 124

of the Amended Complaint are denied.

125.    As to the allegations contained in paragraph 125 of the Amended Complaint, it is admitted that the FCCI general liability policies speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 125 of the Amended Complaint are denied.

126.    The allegations contained in paragraph 126 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the Amended Complaint, and therefore, those allegations are denied.

127.    The allegations contained in paragraph 127 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Amended Complaint, and therefore, those allegations are denied.

128.    The allegations contained in paragraph 128 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Amended Complaint, and therefore, those allegations are denied.

129.    Paragraph 129 and the unnumbered "Wherefore" paragraph that follows it are denied.

## COUNT II – DECLARATORY RELIEF – FCCI'S LIABILITY UNDER FCCI POLICIES

130.    Defendant Penn National Security's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

131.    As to the allegations contained in paragraph 131 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 131 of the Amended Complaint are denied.

132.    As to the allegations contained in paragraph 132 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 132 of the Amended Complaint are denied.

133.    The allegations contained in paragraph 133 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the case referenced speaks for itself.  Except as expressly admitted herein, the remaining allegations contained in paragraph 133 of the Amended Complaint are denied.

134.    As to the allegations contained in paragraph 134 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 134 of the Amended Complaint are denied.

135.    The allegations contained in paragraph 135 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the case referenced speaks for itself.  Except as expressly admitted herein, the remaining allegations contained in paragraph 135 of the Amended Complaint are denied.

136.    As to the allegations contained in paragraph 136 of the Amended Complaint, it is admitted that the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 136 of the Amended Complaint are denied.

137.    The allegations contained in paragraph 137 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the Amended Complaint, and therefore, those allegations are denied.

138.    As to the allegations contained in paragraph 138 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 138 of the Amended Complaint are denied.

139.    The allegations contained in paragraph 139 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the cases referenced speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 139 of the Amended Complaint are denied.

140.    As to the allegations contained in paragraph 140 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 140 of the Amended Complaint are denied.

141.    As to the allegations contained in paragraph 141 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein,

the remaining allegations contained in paragraph 141 of the Amended Complaint are denied.

142.    The allegations contained in paragraph 142 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.

143.    As to the allegations contained in paragraph 143 of the Amended Complaint, it is admitted that the FCCI Policies speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 143 of the Amended Complaint are denied.

144.    The allegations contained in paragraph 144 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the case referenced speaks for itself.  Except as expressly admitted herein, the remaining allegations contained in paragraph 144 of the Amended Complaint are denied.

145.    As to the allegations contained in paragraph 145 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 145 of the Amended Complaint are denied.

146.    As to the allegations contained in paragraph 146 of the Amended Complaint, it is admitted that the allegations in the pleadings in the underlying action speak for themselves. Except as expressly admitted herein, the remaining allegations contained in paragraph 146 of the Amended Complaint are denied.

147.    The allegations contained in paragraph 147 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.

148.    The allegations contained in paragraph 148 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, the allegations contained in paragraph 148 of the Amended Complaint are denied.

## COUNT III – LIABILITY OF OTHER INSURERS OF COMPLETE BUILDING CORPORATION

149.    Defendant Penn National Security's responses to the preceding paragraphs are incorporated by reference as if fully set forth herein.

150.    Defendant Penn National Security lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the Amended Complaint, and therefore, those allegations are denied.

151.    The allegations contained in paragraph 151 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the cases referenced speak for themselves.  Except as expressly admitted herein, the remaining allegations contained in paragraph 151 of the Amended Complaint are denied.

152.    The allegations contained in paragraph 152 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, it is admitted that the court's decision in the case referenced speaks for itself.  Except as expressly admitted herein, the remaining allegations contained in paragraph 152 of the Amended Complaint are denied.

153.    The allegations contained in paragraph 153 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, the allegations contained in paragraph 153 of

the Amended Complaint are denied.

154.    The allegations contained in paragraph 154 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, the allegations contained in paragraph 154 of the Amended Complaint are denied.

155.    The allegations contained in paragraph 155 of the Amended Complaint attempt to state legal conclusions, and therefore, do not require a response from Defendant Penn National Security.  To the extent that a response is required, the allegations contained in paragraph 155 of the Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Penn National Security did not issue any liability insurance policies to Creekside of Charleston, Inc. ("Creekside") or Cohen's Drywall Co. Inc. ("Cohen's Drywall"). Therefore, the claims asserted against Defendant Penn National Security in this action should be dismissed on the grounds that Defendant Penn National does not have a duty to defend or indemnify any party in the underlying construction defect action captioned "*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.," C.A. No. 2015-CP-10-955,   pending in the   Charleston County   Court of   Common   Pleas,   SC (the "Underlying Action").

**SECOND AFFIRMATIVE DEFENSE**

The parties' rights, liabilities, and obligations are defined and controlled by the terms and provisions of the commercial general liability policies, policy no. AC9 0628361, issued by Defendant Pennsylvania National Mutual Casualty Insurance Company to Creekside of Charleston, Inc. ("Creekside"), effective from November 28, 2005 to November 28, 2007 (the "Penn National Creekside Policies"), and the commercial general liability policy, policy no. CL90651092, issued by Defendant Pennsylvania National Mutual Casualty Insurance Company to Cohen's Drywall Co. Inc. ("Cohen's Drywall"), effective from October 20, 2008 to October 20, 2009 (the "Penn National Cohen's Drywall Policy). The terms and provisions of the Penn National Creekside Policies and the Penn National Cohen's Drywall Policy (collectively, the "Penn National Policies"), including, but not limited to, any and all applicable policy definitions, conditions, exclusions, limitations, and endorsements, do not provide coverage to Complete Building Corporation ("Complete") as an insured or "additional insured" for any of the claims or damages alleged in the underlying construction defect action captioned "*Palmetto Pointe at Peas Island Condominium Property Association, Inc. and Elizabeth A. Bushey, individually, and on behalf of all others similarly situated, Plaintiffs v. Island Pointe, LLC,* et al.," C.A. No. 2015-CP-10-955, pending in the Charleston County Court of Common Pleas, SC (the "Underlying Action").

**THIRD AFFIRMATIVE DEFENSE**

The Penn National Policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because Complete does not qualify as an insured or "additional insured" under the terms, conditions, exclusions, or provisions of such policies.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because Complete failed to perform all of its duties or obligations under the terms of the Penn National Policies, including the failure to notify the insurer as soon as practicable of an "occurrence" or an offense which may result in a claim, the failure to notify the insurer as soon as practicable of a claim or "suit", and the failure to immediately send copies of any demands, notices, summonses, or other legal papers received in connection with a claim or "suit" to the insurer.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because such claims or damages do not constitute "property damage" caused by an "occurrence" as required by the policies.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because such claims or damages are expressly excluded from coverage under the policies in that they were expected or intended.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of

the claims or damages alleged in the Underlying Action because such claims or damages are expressly excluded from coverage under the policies as damage to that particular part of real property on which Complete, or any contractors or subcontractors working directly or indirectly on behalf of Complete, were performing operations and such damages arose out of those operations.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because such claims or damages are expressly excluded from coverage under the Penn National Policies because the damages claimed in the Underlying Action are damages to that particular part of real property that must be restored, repaired or replaced because the work of Complete, or any contractors or subcontractors working directly or indirectly on behalf of Complete, was incorrectly performed on it.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because such claims or damages are expressly excluded from coverage under the Penn National Policies because the damages claimed in the Underlying Action are expressly excluded from coverage under the Penn National Policies as damages to Complete's work arising out of it or any part of it.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action to the extent that Complete owned, rented, or occupied the property at issue or Complete sold, gave away, or abandoned the property at issue.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action to the extent that the damages sought would not have occurred, in whole or in part, but for the actual, alleged, or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, or to the extent that the damages sought are for any loss, cost, or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating, or disposing of, or in any way responding to, or assessing the effects of "fungi" or bacteria, by any insured or by any other person or entity.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action to the extent that the damages sought were caused by actual or alleged design, construction, fabrication, preparation, installation,

application, maintenance, or repair of an exterior insulation and finish system (commonly referred to as synthetic stucco) or any part or portion thereof, or any substantially similar system which resists water penetration at its outer surface, or to the extent that the damages sought were caused by any work or operations with respect to any exterior component, fixture, or feature of any structure if an exterior insulation and finish system, or substantially similar systems are used on any part or portion of that structure.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, such policies do not provide coverage to Complete for any of the claims or damages alleged in the Underlying Action because the damages claimed in the Underlying Action did not occur within the coverage periods of the Penn National Policies, and therefore, coverage under the Penn National Policies is not triggered.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Complete  qualifies as an insured or "additional insured" under the Penn National Policies, Defendant Penn National Security pleads the equitable doctrines of waiver, estoppel, and laches in bar of the Plaintiff's claims against Defendant Penn National Security in this action by virtue of the Plaintiff's excessive delay in bringing these claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Complete qualifies as an insured or "additional insured" under the Penn National Policies, the applicable statute of limitations and/or statute of repose bars any claims or recovery by the Plaintiff in this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff cannot seek to compel through declaratory relief another insurer to provide a defense to its mutual insured or seek reimbursement of defense costs incurred to defend its mutual insured absent a contractual right.  The duty to defend is several and an insurer is not entitled to divide its duty to defend or to seek contribution from another insurer absent a contractual right. *Sloan Constr. Co. v. Cent. Nat'l Life Ins. Co. of Omaha*, 236 S.E.2d 818, 820 (S.C. 1977); *Assurance Co. of Am. v. Penn-Am. Ins. Co.*, No. 4:11-cv-03425, 2013 U.S. Dist. LEXIS 45229 (D.S.C. March 27, 2013); *Auto-Owners Ins. Co. v. Travelers Sur. Co. of Am.*, No. 4:12-cv-3423, 2014 U.S. Dist. LEXIS (D.S.C. July 22, 2014), aff'd No. 14-1837 (4th Cir. March 18, 2015) (unpublished).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Penn National Security pleads the doctrine of "unclean hands" as a complete defense to the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert the claims asserted in the Complaint. Defendant Penn National Security pleads lack of standing as a complete or partial defense.

## NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, are barred to the extent FCCI or Complete failed to mitigate their damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant Penn National Security would show that if the Plaintiff is entitled to any recovery against it, which is specifically denied, then Defendant Penn National Security is entitled to a set off of all sums of monies recovered from other potentially liable parties herein or monies obtained from any other source obtained by or on behalf of the Plaintiff by way of the settlement, judgment, or otherwise, which Plaintiff recovered from any other potentially responsible party.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims for declaratory relief concerning any potential indemnity obligation of Defendant Penn National Security and time-on-risk allocation are not ripe and should be dismissed for lack of subject-matter jurisdiction.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant Penn National Security specifically reserves the right to assert any further defenses as may be revealed by further reserves the right to amend this Answer to assert any other applicable defenses asserted by other Defendants, to assert any applicable cross and/or counterclaims, and to implead any other applicable parties.

**WHEREFORE**, Defendant Penn National Security respectfully prays the Court as follows:

1. That the Plaintiff have and recover nothing of it in this action;

2. That the Plaintiff's claims against it be dismissed, with prejudice;

3. That the costs of this action be taxed against the Plaintiff;

4.  That this Honorable Court declare that: (a) Complete is not an insured or additional insured under the Penn National Policies; (b) Defendant Penn National Security does not owe a duty to defend Complete as an insured or additional insured under the Penn National Policies against any and/or all of the claims in the Underlying Action; (c) Defendant Penn National Security does not owe a duty to indemnify Complete as an insured or additional insured under the Penn National Policies for any and/or all of the claims asserted in the Underlying Action; (d) the Plaintiff is not entitled to recover from Defendant Penn National Security any of the attorney's fees and costs expended in the defense of Complete in the Underlying Action; (e) the Plaintiff is not entitled to reimbursement of costs, expenses, and damages incurred in relation to the claims in the Underlying Action; and (f) the Plaintiff is not entitled to its attorney's fees and costs incurred in connection with the instant declaratory judgment action;

5.  For a trial by jury on all issues so triable; and

6.  For such other and further relief as to the Court may seem just and proper.

This the 7th day of November, 2017.

**GOLDBERG SEGALLA LLP**

/s/ David G. Harris II

David G. Harris II
S.C. Federal Bar #: 12039
Email:  dharris@goldbergsegalla.com
David L. Brown
N.C. State Bar #:  18942
*(Pro Hac Vice To Be Filed)*
Email:  dbrown@goldbergsegalla.com
800 Green Valley Road, Suite 302
Greensboro, NC  27408
Telephone:     336.419.4900
Facsimile:     336.419.4950

*Attorneys for Defendants Colony Specialty Insurance Company, Pennsylvania National Mutual Casualty Insurance Company and Penn National Security Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing DEFENDANT PENN NATIONAL SECURITY INSURANCE COMPANY'S ANSWER TO AMENDED COMPLAINT was filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

This the 7th day of November, 2017.

**GOLDBERG SEGALLA LLP**

/s/ David G. Harris II
David G. Harris II
S.C. Federal Bar #: 12039
Email:  dharris@goldbergsegalla.com
800 Green Valley Road, Suite 302
Greensboro, NC  27408
Telephone:    336.419.4900
Facsimile:    336.419.4950
*Attorney for Defendants*
*Colony Specialty Insurance Company,*
*Pennsylvania National Mutual Casualty*
*Insurance Company and Penn National*
*Security Insurance Company*