IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| FCCI Insurance Company, | ) | Case No 2:17-cv-1976-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Island Pointe, LLC, *et. al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on six Motions to Dismiss filed by Tallent and Sons, Inc. ("Tallent") (Dkt. No. 14); Liberty Mutual Fire Insurance Company ("Liberty") (Dkt. No. 38); Pennsylvania Lumberman's Mutual Insurance Company ("PLM") (Dkt. No. 43); Scottsdale Insurance Company ("Scottsdale") (Dkt. No. 48); American Residential Services, LLC ("ARS") (Dkt. No. 92); and Creekside of Charleston, Inc. ("Creekside") (Dkt. No. 95).[1] Plaintiff FCCI Insurance Company ("FCCI") has filed a single response to the Motions to Dismiss (Dkt. No. 101), Scottsdale has filed a Reply (Dkt. No. 106), and PLM has joined Scottsdale's arguments in reply (Dkt. No. 107). For the reasons set forth below, the six Motions to Dismiss are granted.

**I.  Background and Relevant Facts**

This is a declaratory judgment action arising out of the construction of Palmetto Pointe at Peas Island, a condominium complex in Charleston, South Carolina (the "Peas Island Project"). Complete Building Corporation ("Complete") was the general contractor for the Peas Island Project. Plaintiff FCCI issued commercial general liability policies and umbrella policies to Complete. The Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc.

---

[1] The Court will issue a separate Order on United Specialty Insurance Company's Motion to Dismiss. (Dkt. No. 84.)

(the "Peas Island POA") filed the underlying complaint against Complete and a number of subcontractors alleging latent construction defects that caused water intrusion and other damages.

FCCI is defending Complete in the underlying action. FCCI filed this action seeking a declaratory judgment that Complete qualifies as an additional insured under the policies Defendants issued to Complete's subcontractors and that FCCI is therefore absolved of its duty to defend Complete under the "Other Insurance" provision in the policies FCCI issued to Complete.[2] The "Other Insurance" provision in the general liability policies FCCI issued to Complete provides the following:

**4. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

> a. Primary Insurance
>
> This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.
>
> b. Excess Insurance
>
>> (1) This insurance is excess over
>>
>>> (a) Any of the other insurance, whether primary, excess, contingent or on any other bases:
>>>
>>> . . . .

---

[2] FCCI also requested declarations regarding whether FCCI owes Complete coverage under FCCI's policies, and if FCCI is found to owe Complete a duty to defend or indemnify, an apportionment of the time on the risk between FCCI and other insurers which issued policies to Complete. (Dkt. No. 101 at 2.) These claims do not apply to the Defendants whose Motions to Dismiss are at issue here because they were not parties to FCCI's contracts with Complete and did not issue policies to Complete.

> *(b) Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.*
>
> *(2) When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those insurers.*
>
> (3) When this insurance is excess over other insurance, we will pay only our share of the amount of the loss, if any, that exceeds the sum of:
>
>> (a) The total amount that all such other insurance would pay for the loss in the absence of this insurance; and
>>
>> (b) The total of all deductible and self-insured amounts under all other insurance.
>
> (4) We will share the remaining loss, if any, with any other insurance that is not described in this Excess Insurance Provision and was not brought specifically to apply in excess of the Limits of Insurance showing in the Declarations of this Coverage Part.

(Dkt. No. 1-1 at 25–26) (emphasis added).

## II. Legal Standards

### A. Rules 12(b)(1) and 12(b)(6)

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must

accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Declaratory Judgment

Under Article III of the United States Constitution, federal courts may not grant declaratory relief unless an "actual controversy" exists. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). In an action for a declaratory judgment, the facts alleged must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. This limitation is implemented, in part, by the judicially created standing-to-sue doctrine. The standing-to-sue doctrine focuses on "[w]hether a party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club. v. Morton*, 405 U.S. 727, 731 (1972). The well-settled rule for standing requires that a litigant must demonstrate an "(1) injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision." *Retail Indus. Leaders Assoc. v. Fielder*, 475 F.3d 180, 186 n. 1 (4th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To satisfy the injury-in-fact element of this test, a plaintiff must have "suffered . . .

an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *White Tail Park v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Lujan*, 504 U.S. at 560–61).

### III. Discussion

#### A. Complete's Status as an Additional Insured and FCCI's Duty to Defend

FCCI seeks this Court's declaratory judgment that Complete qualifies as an additional insured under the policies Defendants issued to Complete's subcontractors and that FCCI is therefore absolved of its duty to defend Complete under the "Other Insurance" provision in the policies FCCI issued to Complete. The moving Defendants argue that FCCI's claims against them must be dismissed because FCCI cannot obtain a judicial declaration regarding a Defendant's duty to defend Complete under any insurance contract to which it is not a party. In support of their Motions to Dismiss, Defendants rely primarily on *Sloan Constr. Co. v. Cent. Nat'l Life Ins. Co. of Omaha*, 236 S.E.2d 818 (S.C. 1977) and *Auto-Owners Ins. Co. v. Travelers Cas. and Sur. Co. of Am.*, No. 4:12-cv-3423, 2014 WL 3687338 (D.S.C. July 22, 2014), *aff'd*, 597 F. App'x 197 (4th Cir. 2015).

In *Sloan*, the Supreme Court of South Carolina considered a dispute between two insurers about their obligations to defend Sloan in a lawsuit arising out of an auto accident. One insurer undertook Sloan's defense while the other refused to defend. The Court observed that "[t]he duty to defend is personal to each insurer" and "[t]he obligation is several and the insurer is not entitled to divide the duty nor require contribution from another absent a specific contractual right." *Sloan*, 236 S.E.2d at 820. The Court held that "where two [insurance] companies insure the identical risk and both policies provide for furnishing the insured with a defense, neither company, absent a contractual relationship, can require contribution from the other for expenses of the defense where one denies liability and refuses to defend." *Id.* Under *Sloan*, FCCI cannot

seek this Court's enforcement of any Defendant's duty to defend Complete when that duty allegedly arises under an insurance contract between a Defendant and one of Complete's subcontractors to which FCCI is not a party.

In *Auto-Owners*, United States District Judge R. Bryan Harwell applied *Sloan* when considering a declaratory judgment action brought by an insurance company in similar circumstances. Auto-Owners issued a commercial general liability policy to the insured and provided a defense to the insured in the underlying lawsuit. Travelers, which had issued a non-profit management and organization liability policy to the insured, refused to provide a defense. Auto-Owners filed suit seeking a judicial declaration that Travelers had a duty to defend their mutual insured in the underlying lawsuit. Judge Harwell determined that although Auto-Owners had standing to bring a declaratory judgment action[3], it had failed to state a claim against Travelers upon which relief could be granted. *Auto-Owners*, 2014 WL 3687338, at *4. Judge Harwell determined that the Supreme Court of South Carolina would likely find[4] that, under *Sloan*, Auto-Owners had failed to state a claim against Travelers, especially in light of the Supreme Court's observation in *Sloan* "that the insurer seeking to compel the other insurer to defend was not damaged: 'since it was a stranger to the contract' between the other company and

---

[3] Standing requires "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). FCCI has standing here for the same reasons Auto-Owners had standing: FCCI has alleged that it continues to spend significant funds defending the underlying lawsuit, the parties disagree about whether Defendants have a duty to defend Complete, and the underlying lawsuit is ongoing such that there is "sufficient immediacy to warrant issuance of a declaratory judgment." *Auto-Owners*, 2014 WL 3687338, at *3.

[4] Judge Harwell observed that "[t]he Supreme Court of South Carolina has not addressed whether an insurance company may seek to require another insurer to defend its insured up front via a declaratory judgment," but the parties did not ask Judge Harwell to certify the question. *Auto-Owners*, 2014 WL 3687338, at *5.

its insured." *Id.* at *6. Judge Harwell said this analysis was "equally applicable to a situation where the insurers insure different risks, and where a declaratory judgment is sought rather than contribution." *Id.* He ultimately determined that Auto-Owners' declaratory judgment claim against Travelers failed as a matter of law because Auto-Owners was not a party to the insurance contract with Travelers.[5] Judge Harwell noted that the opinion of the Court of Appeals of South Carolina in *Askins* supports this conclusion. *Id. at *4; Shelby Mut. Ins. Co. v. Askins*, 413 S.E.2d 855, 859 (S.C. Ct. App. 1992) ("Fundamental to the concept of duty to defend is the requirement that the party seeking the defense must be an insured under a contract of insurance.").

Applying *Sloan* and *Auto-Owners*, this Court finds that FCCI has failed to state a declaratory judgment claim against any of the six moving Defendants. As was the case in *Auto-Owners*, FCCI is not a party to any contract between a moving Defendant and one of Complete's subcontractors under which it alleges that Complete qualifies as an additional insured. For this reason, FCCI cannot compel any moving Defendant to fulfill an alleged duty to defend Complete under those contracts.

FCCI repeatedly insists that "is not seeking a declaration requiring another carrier to defend Complete," but rather seeks this Court's declaratory judgment to interpret the "other insurance" clause in its own policy. (Dkt. No. 101 at 6.) FCCI admits, however that it seeks to determine "whether Complete qualifies as an additional insured under one or more of its subcontractors' policies, whether such policies include a duty to defend, and whether any coverage is primary." (*Id.* at 5.) FCCI claims that if its "policies are excess, then FCCI has the right to elect not to continue to defend Complete." (Dkt. No. 101 at 5.) The plain language of the

---

[5] The Fourth Circuit affirmed Judge Harwell's decision, concluding that, under *Sloan*, "Auto–Owners is not entitled to declaratory or monetary relief under South Carolina law." 597 F. App'x 197, 198 (4th Cir. 2015).

contract does not confer that right upon FCCI. The contract provides that, "If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those insurers." (Dkt. No. 1-1 at 25–26.) For this reason, even if this Court issued the requested declaration – that Complete qualifies as an additional insured under one of the subcontractor's policies – that declaration would not be sufficient for FCCI to obtain the relief it seeks because it has contracted to defend Complete if "no other insurer defends," and, under *Auto-Owners*, cannot compel the moving Defendants to defend Complete in the underlying suit.

A court should only grant a declaratory judgment "when the judgment will serve a useful purpose in clarifying and settling legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 324 (4th Cir. 1937)). A court should not grant a declaratory judgment when doing so would "try a controversy by piecemeal[] or [would] try particular issues without settling the entire controversy." *Id.* at 257 (quoting *Quarles*, 92 F.2d at 325). For the reasons discussed above, FCCI's declaratory judgment claim against the moving Defendants is subject to dismissal because it cannot afford FCCI the relief it seeks – release from its duty to defend Complete. In the alternative, to the extent FCCI argues in earnest that it does not seek to compel the moving Defendants to defend Complete but seeks only this Court's interpretation of its obligations to Complete, then the declaratory judgment claim against the moving Defendants is subject to dismissal because there is no "actual controversy" between FCCI and these Defendants.

### B. Indemnification

No factual findings have been made in the underlying lawsuit, so a determination of whether any party has a duty to indemnify is not ripe for this Court's consideration. *See Certain*

*Underwriters at Lloyd's London v. Butler*, No. 1:16-CV-00975-JMC, 2017 WL 570024, at *4 (D.S.C. Feb. 13, 2017) (Observing that, generally, a determination of whether an insurer has an affirmative duty to indemnify is not ripe for adjudication until factual findings are made in the underlying lawsuit.) FCCI's declaratory judgment claims against the six moving Defendants with respect to indemnification are therefore dismissed without prejudice.

### IV. Motion to Amend

Plaintiff FCCI has filed a Motion for Leave to File a Second Amended Complaint. (Dkt. No. 126.) FCCI seeks to dismiss certain parties from the lawsuit, replace improperly identified parties, and add additional information, but says it does not seek to advance any new legal theories. Because FCCI's claims against the six moving Defendants are subject to dismissal under South Carolina law and Fourth Circuit precedent, FCCI's pending Motion for Leave to File a Second Amended Complaint is denied without prejudice. FCCI may file a new motion for leave to amend after considering this Order and conferring with opposing counsel.

### V. Conclusion

For the reasons set forth below, the six Motions to Dismiss (Dkt. Nos. 14, 38, 43, 48, 92, 95) are GRANTED. FCCI's Motion for Leave to File a Second Amended Complaint (Dkt. No. 128) is DENIED WITHOUT PREJUDICE.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 22, 2018
Charleston, South Carolina