# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| FCCI Insurance Company, | Case No 2:17-cv-1976-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Island Pointe, LLC, *et. al.*, | |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss filed by Defendant United Specialty Insurance Company ("United"). (Dkt. No. 84.) FCCI Insurance Company ("FCCI") has filed a Response in Opposition to the Motion to Dismiss (Dkt. No. 101), and United has filed a Reply (Dkt. No. 1o8). For the reasons set forth below, United's Motion to Dismiss (Dkt. No. 84) is granted.

**I.  Background and Relevant Facts**

This is a declaratory judgment action arising out of the construction of Palmetto Pointe at Peas Island, a condominium complex in Charleston, South Carolina (the "Peas Island Project"). Complete Building Corporation ("Complete") was the general contractor for the Peas Island Project. The Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. (the "Peas Island POA") filed the underlying complaint against Complete and a number of subcontractors alleging latent construction defects that caused water intrusion and other damages (the "Underlying Action").

FCCI issued multiple commercial general liability and umbrella insurance policies to Complete from February 18, 2014 through February 18, 2016. (Dkt. No. 13 at 13, Am. Compl. ¶¶ 61-64.) Prior to the FCCI policies, United issued two commercial general liability insurance

policies to Complete. (*Id.* at 12, ¶¶ 58-59.) FCCI is defending Complete in the Underlying Action. United denied coverage to Complete in the Underlying Action pursuant to a policy endorsement[1] it alleges excludes coverage for property damage arising out of work on a condominium project exceeding 25 units. (Dkt. No. 84-2 at 66; Dkt. No. 84-3 at 68.)

In the Amended Complaint (Dkt. No. 13), FCCI seeks declaratory relief against various Defendants on three separate Counts. Counts I and II do not pertain to United as they seek declarations concerning the rights and obligations of insurers that issued policies to Complete's subcontractors (Count I) and concerning FCCI's rights and obligations under its own policies to Complete (Count II). The Court has issued an Order (Dkt. No. 130) granting six Defendants' Motions to Dismiss claims against them under Counts I and II.

FCCI's Count III addresses insurers such as United that also issued insurance policies directly to Complete. FCCI seeks a declaration that these other insurers, including United, owe a duty to defend and indemnify their mutual insured, Complete. FCCI also asks the Court to make a determination on the apportionment of the time on risk as between FCCI and these other insurers. (Dkt. No. 13 at 30, Am. Compl. ¶ 155.) United has moved to dismiss all of FCCI's claims against it pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. Legal Standards

### A. Rules 12(b)(1) and 12(b)(6)

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings'

---

[1] The policy endorsement was not the sole basis for United's denial of coverage but is the only ground discussed in the parties' briefs.

allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. *Id.* In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. *Id.* The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must

accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Declaratory Judgment

Under Article III of the United States Constitution, federal courts may not grant declaratory relief unless an "actual controversy" exists. *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272 (1941). In an action for a declaratory judgment, the facts alleged must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273. This limitation is implemented, in part, by the judicially created standing-to-sue doctrine. The standing-to-sue doctrine focuses on "[w]hether a party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club. v. Morton*, 405 U.S. 727, 731 (1972). The well-settled rule for standing requires that a litigant must demonstrate an "(1) injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision." *Retail Indus. Leaders Assoc. v. Fielder*, 475 F.3d 180, 186 n. 1 (4th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To satisfy the injury-in-fact element of this test, a plaintiff must have "suffered . . .

an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *White Tail Park v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Lujan*, 504 U.S. at 560–61).

### III. Discussion

#### A. Duty to Defend

This Court has issued an Order (Dkt. No. 130) dismissing FCCI's declaratory judgment claims against six insurance companies who issued policies to Complete's subcontractors. The primary issue addressed in that Order was whether FCCI could obtain a judicial declaration regarding those Defendants' duty to defend Complete as an additional insured under policies they issued to Complete's subcontractors when FCCI was not a party to those contracts. The Court determined that FCCI was foreclosed from seeking such a declaration in light of *Sloan Constr. Co. v. Cent. Nat'l Life Ins. Co. of Omaha*, 236 S.E.2d 818 (S.C. 1977) and *Auto-Owners Ins. Co. v. Travelers Cas. and Sur. Co. of Am.*, No. 4:12-cv-3423, 2014 WL 3687338 (D.S.C. July 22, 2014), *aff'd*, 597 F. App'x 197 (4th Cir. 2015).

The issue presented in United's Motion to Dismiss is more straightforward. FCCI and United both issued policies to Complete, and FCCI seeks a declaration that United has a duty to defend their mutual insured, Complete. For the same reasons discussed at length in this Court's prior order (Dkt. No. 130) FCCI cannot seek a declaration enforcing United's alleged obligation to defend Complete in the Underlying Action when that obligation arises under a contract to which FCCI is not a party.

#### B. Indemnification and Apportionment of Time on Risk

FCCI also seeks a judicial declaration that United has a duty to indemnify Complete and this Court's determination of the apportionment of time on risk between FCCI and other insurers, including United. (Dkt. No. 13 at 30, Am. Compl. ¶ 155.) As this Court ruled in its prior Order

(Dkt. No. 130), no factual findings have been made in the Underlying Action, so a determination of whether any party has a duty to indemnify is not ripe for this Court's consideration. *See Certain Underwriters at Lloyd's London v. Butler*, No. 1:16-CV-00975-JMC, 2017 WL 570024, at *4 (D.S.C. Feb. 13, 2017) (Observing that, generally, a determination of whether an insurer has an affirmative duty to indemnify is not ripe for adjudication until factual findings are made in the underlying lawsuit.).

Similarly, a time on risk apportionment under South Carolina law requires an analysis of the fact finder's determination of damages in the Underlying Action, if any, including when and over what period of time those damages occurred. As no factual findings have been made in the Underlying Action, the question of any insurer's duty to indemnify or an assessment of the time on risk allocation with respect to the Underlying Action is "dependent on future uncertainties" and therefore is not ripe for this Court's consideration. *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013). For these reasons, FCCI's declaratory judgment claims against United for indemnification and apportionment of time on risk are dismissed without prejudice.

## IV. Conclusion

For the reasons set forth above, United's Motion to Dismiss (Dkt. No. 84) is GRANTED. Also pending before the Court is a Motion to Stay Discovery (Dkt. No. 118) filed by Defendants Scottsdale Insurance Company, Liberty Mutual Fire Insurance Company, Pennsylvania Lumbermens Mutual Insurance Company, and United Specialty Insurance Company. In this Order and a prior Order (Dkt. No. 130), the Court has dismissed all of FCCI's declaratory judgment claims against these Defendants. The pending Motion to Stay Discovery (Dkt. No. 118) is therefore DENIED AS MOOT.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February  23 , 2018
Charleston, South Carolina