IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| FCCI Insurance Company, | ) | |
| | ) | C/A No. 2:17-cv-01976-MBS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Island Pointe LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is a declaratory judgment action arising out of the construction of Palmetto Pointe at Peas Island, a condominium complex in Charleston, South Carolina. Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. ("Palmetto Pointe") filed a complaint in state court against a number of subcontractors alleging latent construction defects that caused water intrusion and other damages ("Underlying Action").[1] Plaintiff FCCI Insurance Company ("FCCI") initiated the instant action in this court seeking a declaratory judgment with respect to its duties to its insured in the Underlying Action. FCCI asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1332. During the course of this litigation and through the disposition of various motions to dismiss and notices of voluntary dismissal, the only parties that remain in the lawsuit are Defendant/Cross Claimant Nationwide Mutual Insurance Company ("Nationwide") and Third Party Defendants Palmetto Pointe and Palmetto Pointe's purported class representative, Elizabeth A. Bushey (collectively, "Palmetto Pointe"). The only claim that remains in this lawsuit is Nationwide's cross claim against Palmetto Pointe for declaratory

---

[1] *See Palmetto Pointe at Peas Island Condominium Property Owners Association, et al. v. Island Pointe, LLC, et al.*, Case No. 2015-CP-10-00955.

judgment regarding its duty to indemnify its insured WC Services, Inc. ("WC Services") in the Underlying Action.² *See* ECF No. 26.

The Underlying Action was ultimately tried to a jury who on May 16, 2019 returned a defense verdict as to WC Services. The state court denied Palmetto Pointe's post-trial motions and Palmetto Pointe appealed. The appeal of the state court's denial of Palmetto Pointe's motion for new trial is currently pending before the South Carolina Court of Appeals.

On May 14, 2020, Nationwide filed a motion for summary judgment on the issue of its duty of indemnification. ECF No. 179. Palmetto Pointe filed a response in opposition, ECF No. 184, and Nationwide filed a reply, ECF No. 185. On September 16, 2020, the court held a telephonic status conference to discuss its concerns regarding subject matter jurisdiction considering the posture of the Underlying Action. Specifically, the court asked the parties to speak to whether, in light of the defense verdict entered against WC Services, the present lawsuit presents a live case and controversy and whether the amount in controversy necessary to establish diversity subject matter jurisdiction is satisfied at this point in time. ECF Nos. 195, 197. In advance of the status conference, Nationwide filed a written brief asserting its position that the court has subject matter jurisdiction and should proceed with the adjudication of the motion for summary judgment, ECF No. 198, and Palmetto Pointe filed a written brief asserting its position that the court lacks subject matter jurisdiction and should dismiss the action, ECF No. 199. During the status conference, counsel represented that Palmetto Pointe's motion for

---

² In its answer to FCCI's amended complaint, Nationwide asserted a cross claim for declaratory judgment against Palmetto Pointe, WC Services, and Island Pointe, LLC. Nationwide alleged upon information and belief that WC Services was a South Carolina corporation that was dissolved in 2009. ECF No. 26 at ¶ 4. WC Services has never appeared in this action.

new trial is still on appeal and that the parties subject to the appeal anticipate that the court of appeals will schedule argument on the matter for late spring or early summer of 2021.

As it expressed during the status conference, the court has grave concerns regarding its subject matter jurisdiction over the claim for declaratory judgment. The court may raise questions of subject matter jurisdiction at any point during the proceedings "and may (or, more precisely, must)" raise those questions sua sponte if necessary. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "The test for a case or controversy . . . is whether the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests." *Commercial Union Ins. Co. v. Detyens Shipyard, Inc.,* 147 F. Supp. 2d 413, 420–21 (D.S.C. 2001) (internal quotation marks omitted) (quoting *White v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 913 F.2d 165, 167–68 (4th Cir. 1990)). "In deciding whether a justiciable controversy exists, a district court looks to whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 421 (internal quotation marks omitted). "While the Declaratory Judgment Act, 28 U.S.C. § 2201, allows a court to issue a judgment before an injury is accomplished, there must be an actual controversy at issue." *ACE American Ins. Co. v. Michelin North America, Inc.*, 470 F. Supp. 2d 602, 604 (D.S.C. 2007) (citing *Delavigne v. Delavigne,* 530 F.2d 598, 601 (4th Cir. 1976)). "[A] declaratory judgment may not be given for a purely hypothetical situation [or as] . . . an advisory opinion." *Id.* (quoting *A.S. Abell Co. v. Chell,* 412 F.2d 712, 719 (4th Cir. 1969)).

While the court is skeptical that an order on Nationwide's motion for summary judgment would constitute anything more than an advisory opinion if rendered at this time, there remains the possibility that the court of appeals could remand the Underlying Action to state court for a

3

new trial on WC Services's liability and that a second jury trial could result in an award of damages against Nationwide's insured. Accordingly, and consistent with its comments during the status conference, the court finds that administrative closure of this case is appropriate. *See Penn-America Ins. Co. v. Mapp*, 521 F.3d 290 (4th Cir. 2008) (recognizing administrative closure as a tool of docket management and not a final, appealable act).

The court hereby **ORDERS** that this action is administratively closed, subject to reinstatement on the motion of either party should the determination of WC Services's liability in the Underlying Action change, or as is otherwise appropriate.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour_____
Margaret B. Seymour
Senior United States District Judge

Dated: September 18, 2020
Charleston, South Carolina

4